Rachel KASS, individually and as mother and natural guardian of Bracha Sarah Baila Kass, an infant, and Nachum Kass, individually, Plaintiffs–Appellants,

v.

The WEST BEND COMPANY, Defendant–Appellee.

No. 05–0338.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Sean H. Donahue (David T. Goldberg, on the brief), Law Office of Sean H. Donahue, Washington, DC, for Appellants.

Francis F. Quinn, Lavin, O'Neil, Ricci, Cedrone & DiSipio, New York, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal from a judgment of the District Court granting defendant's motion to exclude plaintiffs' proffered expert testimony and granting defendant's motion for summary judgment on all of plaintiffs' claims. We assume the parties' familiarity with the underlying facts and procedural history.

Plaintiffs brought the instant action seeking compensation for injuries that Bracha Sarah Baila Kass ("Sarah Kass"), an infant, allegedly suffered when scalded by hot water from an overturned coffee maker manufactured by The West Bend Company. In support of their claims, plaintiffs sought to introduce the testimony and report of an expert witness, Dr. Richard Harkness, maintaining that the defective design of the West Bend coffee maker had caused Sarah Kass's injuries and could have been avoided through certain proposed design alternatives. In a thoughtful and comprehensive opinion dated Novem-

ber 4, 2004, the District Court rejected the proffered expert testimony as unreliable under the standards set forth by Federal Rule of Evidence 702, as well as the factors outlined in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny, concluding that:

> The plaintiffs do not remotely demonstrate that there was a feasible alternative coffee maker design that would have prevented Sarah's injuries. Proffered expert evidence that such alternatives exist is based solely on conjecture and uninformative, cursory testing that betrays an utter disregard for the rigors of the scientific method and product testing methodology.

*Kass v. West Bend Co.*, No. 02 Civ. 3719, 2004 WL 2475606, at *13 (E.D.N.Y. Nov. 4, 2004); *see also id.* at *6 ("Harkness' methods are too incomplete, cursory, and undisciplined to provide reliable evidence that an alternative coffee maker design is feasible."). Having excluded the plaintiffs' proffered expert testimony in full, the District Court found that plaintiffs had failed to present any "additional evidence to assert that an alternative coffee maker design exists that is both practical and feasible." *Id.* at *12. Accordingly, the District Court granted defendant's motion for summary judgment and dismissed plaintiffs' case in its entirety. *Id.* at *12–*13.

On appeal, plaintiffs argue that the District Court's decision to exclude Dr. Harkness' testimony was "infected with fundamental legal error" on a variety of fronts. Based on our independent assessment of the applicable case law and the record on appeal, we conclude that plaintiffs' claims are without merit. Contrary to plaintiffs' assertion that the District Court conducted little more than a "desultory, mechanical canvas" of the *Daubert* factors in evaluating the reliability of the proffered expert testimony, a fair reading of the District Court's opinion demonstrates that the Court carefully considered each of plaintiffs' arguments and expressly rejected those claims as altogether unsupportable. *See, e.g., Kass*, 2004 WL 2475606, at *9 (noting that "even in the single case where Harkness did develop a prototype, he did not attempt to operate the prototype under the conditions in which it would be used," and concluding that "[t]his fatal oversight flies in the face of established engineering and scientific methodology" and did not even "approach[ ] the rigor associated with generally accepted testing protocols"); *id.* at *10 (acknowledging plaintiffs' argument "that any flaws in Harkness' testimony should go to the weight of the proffered evidence, rather than its admissibility," but concluding that "there is simply too great an analytical gap between Harkness' unreliable methodology and untested theories and the conclusions he reaches in his report").

We do not find these conclusions by the District Court to be erroneous, much less "manifestly erroneous." *See Zaremba v. Gen. Motors Corp.*, 360 F.3d 355, 357 (2d Cir.2004) ("A decision to admit or exclude expert scientific testimony is not an abuse of discretion unless it is manifestly erroneous.") (internal quotation marks and alteration omitted). Accordingly, absent any evidence of a feasible and practicable design, the District Court did not err in granting defendant's motion for summary judgment. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 270–71 (2d Cir.2002) ("Having concluded that the district court did not abuse its discretion in granting defendant's *Daubert* motion, we also affirm the district court's grant of defendant's motion for summary judgment.").

\* \* \* \*

We have considered all of plaintiffs' arguments on appeal and have found each of

**354**

them to be without merit. Accordingly, for substantially the reasons stated by the District Court, the judgment of the District Court is hereby AFFIRMED.